USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This Document Applies to: All Cases

------------------------------------X

**MEMORANDUM AND ORDER**

11 MD 2262 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    This Memorandum and Order addresses the defendants' letter of September 27, 2013, which requests leave to move to dismiss the over-the-counter (OTC) plaintiffs' contract and unjust enrichment claims, and the OTC plaintiffs' response to that letter dated October 4, 2013. Defendants' request for leave to move to dismiss those claims is granted. After reviewing the letters from both sides, the Court requests that the parties address the following issues. First, please discuss the "conspiracy or concerted scheme[]" exception to the traditional requirement that, in order to have standing to sue a particular defendant under Fed. R. Civ. P. 23, the named plaintiff must have been injured by that defendant. Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 63 (2d Cir. 2012) (quoting La Mar v. H & B Novelty & Loan Co., 489 F.2d 461, 466 (9th Cir. 1973)). Second, assuming that the plaintiffs adequately pled the existence of a "concerted scheme" in setting LIBOR, is such a pleading

1

sufficient for the plaintiffs to name all of the scheme's participants as defendants, even those who cannot be held liable under either an unjust enrichment or a breach of contract theory?  The posing of these questions should not be interpreted as an indication that the Court regards the resolution of either as necessarily material, let alone dispositive.

**SO ORDERED.**

Dated:  New York, New York
        October 18, 2013

                                          NAOMI REICE BUCHWALD
                                          UNITED STATES DISTRICT JUDGE