UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

**MEMORANDUM AND ORDER**

11 MD 2262 (NRB)

THIS DOCUMENT RELATES TO: All Cases

------------------------------------------X



DATE FILED: 10/18/2013

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This multidistrict litigation ("MDL") arises out of the alleged manipulation of the London InterBank Offered Rate ("LIBOR"). To date, this Court has issued two decisions addressed to the sufficiency of the amended complaints filed in this action: the first on March 29, 2013 and the second on August 23, 2013. The March 29, 2013 decision, inter alia, dismissed the Sherman Act, section 1, claims advanced in each complaint on the ground that plaintiffs had failed to plausibly allege that they suffered antitrust injury and therefore lacked standing. Plaintiffs' motions for leave to amend their Sherman Act claims were denied in the August 23, 2013 decision. The original motions to dismiss were directed to four categories of cases denominated as follows: (1) over-the-counter plaintiffs, (2) exchange-based plaintiffs, (3) bondholder plaintiffs, and (4) Schwab plaintiffs. As a result of the decisions, the complaints brought by the bondholder and Schwab plaintiffs were

dismissed in their entirety (although the state-law claims advanced by the Schwab plaintiffs were dismissed without prejudice, as the Court declined to exercise supplemental jurisdiction over them).

The bondholder plaintiffs filed a notice of appeal on September 17, 2013 and the Schwab plaintiffs did so on September 24, 2013. By separate, but essentially identical, letters dated September 18, 2013, the over-the-counter and the exchange-based plaintiffs sought certification pursuant to Federal Rule of Civil Procedure 54(b) to appeal the dismissal of their antitrust claims and the denial of their motions to amend those claims. Defendants, by letter dated October 4, 2013, suggested that the requests for Rule 54(b) certification were committed to the Court's discretion and took no further position on the requests.

Rule 54(b) is designed to provide flexibility to balance the benefits of a single appeal with the needs of litigants in particular multiple-claim and multiple-party cases. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956); Ginett v. Computer Task Grp., 962 F.2d 1085, 1094-95 (2d Cir. 1992). These requests for Rule 54(b) certification are presented in an atypical context. In this MDL, two groups of plaintiffs -- the bondholder plaintiffs and the Schwab plaintiffs -- are in a position to appeal as of right because their complaints were dismissed in their entirety. The two remaining groups of

plaintiffs -- the over-the-counter plaintiffs and the exchange-based plaintiffs -- seek to join in the pending appeals only to the extent that they raise the issues of antitrust standing and antitrust injury. Whether this Court would in other circumstances grant Rule 54(b) certification seems to be the wrong focus. Rather, given that there are already appeals raising issues that affect all four categories of plaintiffs equally, judicial efficiency would be served by permitting the over-the-counter and exchange-based plaintiffs to participate in the existing appeals to the limited extent requested. Under these circumstances, there is no just reason for delay.

Accordingly, it is hereby

ORDERED, pursuant to Fed. R. Civ. P. 54(b), that final judgment is entered dismissing the first count of the over-the-counter plaintiffs' consolidated amended complaint (Dkt. No. 130) for violation of section 1 of the Sherman Act, and denying leave to replead that claim in a proposed amended complaint (Dkt. No. 334-1), for the reasons given in the March 29, 2013 and August 23, 2013 orders of this Court, and it is further

ORDERED, pursuant to Fed. R. Civ. P. 54(b), that final judgment is entered dismissing the fourth count of the exchange-based plaintiffs' amended consolidated class action complaint (Dkt. No. 134) for violation of section 1 of the Sherman Act, and denying leave to replead that claim in a proposed amended

complaint (Dkt. No. 332-1), for the reasons given in the March 29, 2013 and August 23, 2013 orders of this Court.

**SO ORDERED.**

Dated:   New York, New York
         October 17, 2013

                                            NAOMI REICE BUCHWALD
                                            UNITED STATES DISTRICT JUDGE