August 28, 2015

**By ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In Re: Libor-Based Financial Instruments Antitrust Litigation*, MDL No. 11-md-2262

Dear Judge Buchwald:

The undersigned Defendants write pursuant to Federal Rule of Civil Procedure 60(a) to respectfully bring to the Court's attention certain aspects of the Court's recent Memorandum and Order addressing the Direct Actions (ECF No. 1164) that appear to reflect scrivener's errors or "oversights or omissions" within the meaning of the Rule, and to request that the Memorandum and Order be amended or supplemented accordingly. Specifically, we ask the Court to consider the following:

1. *CEMA Joint Venture* **(13-cv-5511)**

The Memorandum and Order states that Plaintiff CEMA's claims, "although not labeled," sound "in antitrust." Memorandum and Order at 32. However, CEMA disavowed any antitrust claim in the August 5, 2014 spreadsheet that Plaintiffs submitted to the Court listing "viable" claims. *See* ECF No. 574. CEMA referenced "pending" claims against Defendants "RBS" and "Charter One Bank, N.A.," for "Unjust Enrichment," "Breach of Contract/Implied Covenant," "Tortious Interference/Interference w/ Prospective Econ. Adv.," and "Other State Common Law Claims [(Conspiracy)]," leaving blank the "Federal Antitrust Laws" and "State Antitrust Laws" columns. *Id*. at 10, Row 32. Defendants The Royal Bank of Scotland Group plc ("RBS Group") and Citizens Bank, N.A., (f/k/a Charter One Bank, N.A.) ("Citizens") respectfully request that the Court amend its Memorandum and Order by striking the statement that CEMA's claims sound "in antitrust."

In addition, the Memorandum and Order states that "Defendants' Notice of Motion did not seek to dismiss any [of CEMA's] claims on timeliness grounds, so we will not do so." Memorandum and Order at 390. However, Defendants did move to dismiss the unjust enrichment and tortious inference claims in the CEMA action on statute of limitations grounds, per the schedules attached to Defendants' joint notice of their motion to dismiss. *See* ECF No. 743, Schedule J.2, Row 2 (moving for "[d]ismissal as to all [tortious interference] claims accruing before March 21, 2009" on timeliness grounds); *id.* at Schedule L.2, Row 3 (moving for "[d]ismissal as to all [unjust enrichment] claims accruing before March 21, 2007" on timeliness grounds). RBS Group and Citizens respectfully request that the Court amend its Memorandum

and Order to reflect that CEMA's tortious interference and unjust enrichment claims are time-barred to the extent they accrued before March 21, 2009 and March 21, 2007, respectively.

### 2. *National Credit Union Administration Board* (13-cv-7394)

Given the holdings in the Memorandum and Order, all the claims asserted by NCUA against Société Générale ("SG") should have been dismissed. NCUA asserted six claims against SG in its amended complaint: (1) federal antitrust; (2) state antitrust; (3) California unfair competition (on behalf of Wescorp); (4) tortious interference with contract; (5) tortious interference with economic advantage; and (6) unjust enrichment. Plaintiffs' federal and state antitrust, California unfair competition law, and interference with economic advantage claims were dismissed against all defendants in their entirety. Although the Court upheld unjust enrichment and tortious interference with contract claims against certain swap counterparties and/or their affiliates, NCUA does not allege that SG was a counterparty to a swap agreement with any of the credit unions, nor that the credit unions otherwise had direct dealings with SG or its affiliates. *See, e.g.*, NCUA Compl. ¶ 303 (SG not among banks that allegedly entered into contracts with one or more credit unions). Accordingly, SG respectfully requests that the Court enter a merits dismissal of SG from the NCUA action. Counsel for SG have conferred with counsel for NCUA, and counsel for NCUA have advised that they take no position on SG's request for a merits dismissal.

### 3. *Salix Capital* (13-cv-4018)

With respect to the timeliness of the fraud claims assigned by FrontPoint Funds to Salix, the Memorandum and Order relies on the premise that "[t]he only defendant to move against these claims is Credit Suisse AG, on the grounds that Credit Suisse AG was not added as a defendant until October 6, 2014." Memorandum and Order at 422. In fact, all Defendants in the *Salix* action moved against the FrontPoint Funds' fraud claims on statute of limitations grounds, as indicated in the schedules attached to their notice of motion. *See* ECF No. 743-1, Schedule D.2 at 8; ECF No. 756 at 14; ECF No. 926 at 5; ECF No. 1097-1, Spreadsheet at 51. Plaintiffs' opposition brief acknowledges the dispute over the timeliness of the FrontPoint Funds' fraud claims. *See* ECF No. 875-1 at 34. The undersigned Defendants in the *Salix* action respectfully submit that the Court's ruling that certain of the FrontPoint Funds' unjust enrichment claims were untimely pursuant to New York's three-year statute of limitations, *see* Memorandum and Order at 421-22, would similarly time-bar their fraud claims, which, pursuant to New York's borrowing statute, are subject to a similar three-year statute of limitations under Connecticut law. Accordingly, the undersigned Defendants in the *Salix* action respectfully request that the Court clarify its ruling on the timeliness of the FrontPoint Funds' fraud claims.

### 4. **Tolling for Claims Related to Bonds or Other Debt Instruments**

In its Memorandum and Order, the Court found that both the original and amended complaints in the *Gelboim* action may toll the statute of limitations for at least some of Plaintiffs' claims related to bonds and other debt instruments against a number of defendants, including SG. *See* Memorandum and Order at 369-70 (table). Although Plaintiffs asserted claims against SG in

the original complaint, the amended *Gelboim* complaint does not name SG as a defendant. *See* ECF No. 131. The Individual Plaintiffs are eligible for tolling, if at all, only for as long as the putative class purports to assert their claims.[1] Thus, any tolling as against SG ended on April 30, 2012, the date when the *Gelboim* plaintiffs filed their amended complaint that did not name SG as a defendant.[2] Accordingly, SG respectfully requests that the Court amend its Memorandum and Order to reflect that Plaintiffs with claims related to bonds or other debt instruments are not eligible for any tolling as against SG after April 30, 2012.

       5.     *Amabile* **(13-cv-1700)**

The Memorandum and Order omits Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. ("Rabobank") from the table on pages 383-84 showing how class-action tolling applies to various groups of Defendants against which the *Amabile* plaintiffs assert CEA claims. The Defendants listed in groups "A" and "B" are those named in the initial *Metzler* complaint, filed April 15, 2011. The Defendants listed in group "C" are those added when the *Metzler* plaintiffs filed their amended complaint on April 30, 2012. The table does not list Rabobank within group A, B, or C. However, as indicated in the letter dated February 25, 2015 (Dkt. No. 1061) (the "February 25 Letter") laying out the *Amabile* plaintiffs' positions regarding previously-filed class actions that they assert tolled the statute of limitations for their claims, Rabobank was first named as a defendant in the *Metzler* action in the April 30, 2012 amended complaint. In this respect, the third page of the chart attached to the February 25 Letter states the *Amabile* plaintiffs' position that class-action tolling with respect to claims against Rabobank began on April 30, 2012. Accordingly, Rabobank respectfully requests that the Court list Rabobank within group "C" in the table on pages 383-84 of the Memorandum and Order.

       6.     ***Bay Area Toll Authority*** **(14-cv-3094)**

The Memorandum and Order applies a four-year statute of limitations to BATA's unjust enrichment claims. *See* Memorandum and Order at 386-87. However, the parties agreed—and the Court noted in other parts of the Memorandum and Order—that the statute of limitations for unjust enrichment claims in California is three years. *See* ECF No. 1097-1, Spreadsheet at 122 (citing Cal. Code Civ. Proc. § 338(d)); *see also* Memorandum and Order at 389, 424 (applying three-year statute of limitations to unjust enrichment claims by California Consolidated Plaintiffs and Schwab Plaintiffs). The undersigned Defendants in the *BATA* action respectfully request that the Court amend its Memorandum and Order to hold that BATA's unjust enrichment claims are subject to a three-year statute of limitations and that claims that arose before April 28, 2009 are therefore untimely.

---

[1]    *See In re WorldCom Sec. Litig.*, 496 F.3d 245, 255-56 (2d Cir. 2007).

[2]    *See LIBOR III*, 27 F. Supp. 3d 447, 486 (S.D.N.Y. 2014) (holding that *American Pipe* tolling of claims against SG asserted in an individual class complaint ended on April 30, 2012, when exchange-based plaintiffs filed the consolidated FAC that did not name SG as a defendant).

7. **California Consolidated (13-cv-667, 13-cv-597, 13-cv-627, 13-cv-625 13-cv-626, 13-cv-5221, 13-cv-5569, 13-cv-5186, 13-cv-2979, and 13-cv-8644)**

The Court held that bond-based claims asserted by the California Consolidated Plaintiffs are time-barred if they arose before certain dates that accounted for tolling under the original *Gelboim* complaint. Memorandum and Order at 388-89. The Court's analysis did not, however, address the timeliness of claims against Defendants not named in the original *Gelboim* complaint. The undersigned Defendants in these actions respectfully request that the Court hold that the following bond-based claims are untimely as against those Defendants not named in the original *Gelboim* complaint:

| Plaintiff | Claim | Accrual Dates of Time-Barred Bond Claims |
|---|---|---|
| Mendocino | Fraud | Aug. 2007 to Nov. 13, 2010 |
|  | Unjust Enrichment | Before Nov. 13, 2010 |
|  | Contract | Before Nov. 13, 2009 |
| Sonoma | Fraud | Aug. 2007 to June 28, 2010 |
|  | Unjust Enrichment | Before June 28, 2010 |
|  | Contract | Before June 28, 2009 |
| Regents | Fraud | Aug. 2007 to June 25, 2010 |
|  | Unjust Enrichment | Before June 25, 2010 |
|  | Contract | Before June 25, 2009 |
| Others | Fraud | Aug. 2007 to Jan. 9, 2010 |
|  | Unjust Enrichment | Before Jan. 9, 2010 |
|  | Contract | Before Jan. 9, 2009 |

8. ***Prudential Investment Portfolios 2* (14-cv-4189)**

The Court held that Prudential's contract and unjust enrichment claims were tolled as against the Defendants named in the original *Metzler* and amended *Baltimore* complaints, Memorandum and Order at 420, but as the Court recognized on pages 358-63 of its Memorandum and Order, class action tolling under those complaints only applies to claims "related to over-the-counter derivatives." Prudential's bond-based contract and unjust enrichment claims may only be tolled by the putative class complaints "related to bonds or other debt instruments" appearing on pages 369-72 of the Memorandum and Order. Accordingly, the undersigned Defendants in this action respectfully request that the Court amend its Memorandum and Order to hold that at least the following contract and unjust enrichment claims are untimely: bond-based claims against defendants not named in the original *Gelboim* complaint that arose before May 19, 2008, and bond-based claims against defendants named in the original *Gelboim* complaint that arose before February 28, 2008.

9. *Principal* **Actions (13-cv-6013 and 13-cv-6014)**

The Memorandum and Order omits UBS AG from the table on pages 416-17 listing defendants against which the Principal plaintiffs assert bond-related claims. UBS AG was named in both initial Principal complaints and therefore should be listed with Group A in this table.

The undersigned Defendants respectfully request that the Court's Memorandum and Order be modified or supplemented to address the foregoing issues. We thank the Court for its consideration.

Respectfully submitted,

*(signature page follows)*

5

/s/ Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David S. Lesser
Alan E. Schoenfeld
Jamie S. Dycus
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street,
New York, New York  10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com
jamie.dycus@wilmerhale.com

/s/ Robert G. Houck
Robert G. Houck
James D. Miller
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York  10019
Telephone: (212) 878-8000
Fax: (212) 878-8375
robert.houck@cliffordchance.com
jim.miller@cliffordchance.com

*Attorneys for Defendants The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, Citizens Bank, N.A., and RBS Securities Inc.*[3]

/s/ Robert F. Wise, Jr.
Robert F. Wise, Jr.
Arthur J. Burke
Paul S. Mishkin
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000
Fax: (212) 450-4800
robert.wise@davispolk.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc. (f/k/a Banc of America Securities LLC), Merrill Lynch Capital Services, Inc., and Merrill Lynch International Bank Ltd.*

---

[3] Wilmer Cutler Pickering Hale and Dorr LLP is counsel for these defendants except as to plaintiffs Prudential Investment Portfolios 2; Triaxx Prime CDO 2006-2 LTD; Triaxx Prime CDO 2007-1 LTD; Principal Funds, Inc.; Principal Capital Interest Only I, LLC; Principal Commercial Funding, LLC; Principal Commercial Funding II, LLC; Principal Financial Group, Inc.; Principal Financial Services, Inc.; Principal Life Insurance Company; Principal Real Estate Investors, LLC; Principal Variable Contracts Funds, Inc.; and Fannie Mae. Clifford Chance US LLP is counsel for these defendants except as to Plaintiff the Federal Home Loan Mortgage Corporation.

*/s/* Steven Wolowitz
Steven Wolowitz
Henninger S. Bullock
Andrew J. Calica
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York  10020
Telephone: (212) 506-2500
Fax: (212) 262-1910
swolowitz@mayerbrown.com
hbullock@mayerbrown.com
acalica@mayerbrown.com

*Attorneys for Defendant Société Générale*


*/s/* Peter Sullivan
Peter Sullivan
Lawrence J. Zweifach
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
psullivan@gibsondunn.com
lzweifach@gibsondunn.com

Joel S. Sanders (*admitted pro hac vice*)
555 Mission Street, Suite 3000
San Francisco, California 94105
jsanders@gibsondunn.com

*Attorneys for Defendant UBS AG*

*/s/* Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
aruffino@cov.com
Tel: 212.841.1000

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
One CityCenter
850 Tenth Street N.W.
Washington, D.C. 20001
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com
Tel: 202.662.6000

*Attorneys for Defendants Citibank, N.A., Citigroup Financial Products, Inc., Citigroup Global Markets Inc., Citigroup Global Markets Ltd., Citigroup Funding Inc., and Citigroup Inc.*


/s/ David R. Gelfand
David R. Gelfand
Sean M. Murphy
MILBANK TWEED HADLEY & McCLOY LLP
28 Liberty Street
New York, New York  10005
Telephone: (212) 530-5000
dgelfand@milbank.com
smurphy@milbank.com

*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.*

*/s/* Moses Silverman
Moses Silverman
Andrew C. Finch
Jessica Brach
Noam Lerer
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3355
Fax: (212) 492-0355
msilverman@paulweiss.com
afinch@paulweiss.com
jbrach@paulweiss.com
nlerer@paulweiss.com

*Attorneys for Defendant Deutsche Bank AG*

*/s/* Joel Kurtzberg
Herbert S. Washer
Elai Katz
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
hwasher@cahill.com
ekatz@cahill.com
jkurtzberg@cahill.com

*Attorneys for Defendants Credit Suisse Group AG, Credit Suisse AG, Credit Suisse International, Credit Suisse Securities (USA) LLC, and Credit Suisse (USA), Inc.*

*/s/* Thomas C. Rice
Thomas C. Rice
Paul C. Gluckow
Shannon P. Torres
Omari L. Mason
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel.: (212) 455-2000
Fax: (212) 455-2502
trice@stblaw.com
pgluckow@stblaw.com
stores@stblaw.com
omason@stblaw.com

*Attorneys for JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Dublin plc, J.P. Morgan Markets Limited, Chase Bank USA, N.A., and Bears Stearns Capital Markets, Inc.*

*/s/* Daryl A. Libow
Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 956-7056
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.*

| | |
|---|---|
| /s/ Jeffrey T. Scott<br>David H. Braff<br>Yvonne S. Quinn<br>Jeffrey T. Scott<br>Matthew J. Porpora<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>Telephone: (212) 558-4000<br>braffd@sullcrom.com<br>quinny@sullcrom.com<br>scottj@sullcrom.com<br>porporam@sullcrom.com | /s/ Christopher M. Paparella<br>Christopher M. Paparella<br>Ethan E. Litwin<br>Marc A. Weinstein<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Fax: (212) 422-4726<br>Chris.Paparella@hugheshubbard.com<br>Ethan.Litwin@hugheshubbard.com<br>Marc.Weinstein@hugheshubbard.com<br><br>*Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche ImmobilienBank AG* |
| /s/ Jonathan D. Schiller<br>Jonathan D. Schiller<br>Leigh M. Nathanson<br>Amos Friedland<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue<br>New York, New York  10022<br>Telephone: (212) 446-2300<br>jschiller@bsfllp.com<br>lnathanson@bsfllp.com<br>afriedland@bsfllp.com<br><br>Michael Brille<br>5301 Wisconsin Avenue NW<br>Washington, D.C.  20015<br>Telephone: (202) 237-2727<br>mbrille@bsfllp.com<br><br>*Attorneys for Defendants Barclays Bank plc, Barclays plc, and Barclays Capital Inc.* | |