UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:

                                **MEMORANDUM**

LIBOR-Based Financial Instruments
Antitrust Litigation.

                            11 MD 2262 (NRB)

This Document Applies to:

INDIVIDUAL CASES LISTED IN APPENDIX.

----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Having considered the parties letters of August 28, 2015, ECF No. 1188, September 11, 2015, ECF No. 1195, and September 18, 2015, ECF No. 1204, addressing asserted errors in LIBOR IV, this Court is today issuing an amended LIBOR IV Memorandum and Order.  To assist the parties in identifying the substantive changes (as opposed to changes to pagination), attached to this Memorandum are red-lined pages showing the changes made in response to the above-mentioned letters.

Dated:   New York, New York
        October 19, 2015

                                NAOMI REICE BUCHWALD
                                UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/15

### 2.3.4. CEMA

CEMA Joint Venture ("CEMA") is an Ohio entity that owns real estate in Akron.  <u>See</u> Verified Compl. ¶¶ 1, 21 ("CEMA Compl."), <u>CEMA Joint Venture v. Charter One Bank, N.A.</u> ("CEMA"), No. 2013 CV 03 0284 (Ohio Ct. Com. Pl. Tuscarawas Cty.), <u>removed to</u> No. 13-cv-904 (N.D. Ohio), <u>transferred to</u> No. 13-cv-5511 (NRB) (S.D.N.Y.), ECF No. 1 Ex. A.  CEMA traded a LIBOR-based swap.  <u>Id.</u> ¶¶ 6, 215.

CEMA sets out four claims for relief against its two counterparties (numbered 1, 2, 3, and 5, but not 4).  Although not labeled, these claims sound in ~~antitrust~~<span style="color:red">conspiracy</span>, tortious interference, breach of contract, and unjust enrichment.

### 2.3.5. Darby

Plaintiffs in <u>Darby Financial Products v. Barclays Bank plc</u> ("<u>Darby</u>"), No. 13-cv-8799 (NRB) (S.D.N.Y.), are two related investment and trading firms: Darby Financial Products ("Darby Financial") and Capital Ventures International ("Capital Ventures"; collectively with Darby Financial, the "Darby Plaintiffs").  <u>See</u> Am. Compl. ("Darby Am. Compl.") ¶ 18-19, <u>Darby</u>, ECF No. 36.  Both traded LIBOR-based swaps.  <u>Id.</u> at ¶ 18 & Ex. A.

The Darby Plaintiffs sue their counterparties and affiliated panel banks for fraud (including aiding and abetting), tortious interference with contract, tortious interference with prospective business relations, civil conspiracy, and violations of the

(West 2008); N.Y. C.P.L.R. 202 (Consol. 2008).   All relevant parties agree that these rules affect the plaintiffs in <u>Darby</u> (New York and Pennsylvania law for plaintiff Darby, and New York and Cayman Islands law for plaintiff Capital Ventures), <u>FDIC</u> (New York law and the law of each failed bank's home state), <u>NCUA</u> (Kansas law and the law of each failed credit union's home state), and both <u>Principal Cases</u> (New York and Iowa law).

The parties dispute whether New York's borrowing rule applies to certain claims brought by Fannie Mae, whose principal place of business is in the District of Columbia, and to the fraud claims brought by Salix as assignee of the Frontpoint Funds, whose principal place of business is Connecticut.~~[151]~~   While there is no doubt that Fannie Mae and the Frontpoint Funds are~~is a~~ non-residents of New York, the parties dispute whether their~~Fannie Mae's~~ claims accrued in New York.

"When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." <u>Global Fin. Corp. v. Triarc Corp.</u>, 93 N.Y.2d 525, 529, 715 N.E.2d 482, 485 (1999).   In some circumstances, however, a plaintiff may overcome this presumption by showing that his injury was particularly connected to a state

---

~~[151] Salix raises the same argument as Fannie Mae, but with greater force.   We need not resolve this question in <u>Salix</u> because Connecticut law is no more restrictive than New York law in any manner relevant to this motion.   See <u>infra</u> at 420.~~

Mae Am. Compl. ¶ 13.  The fact that some money flowed in and out of New York accounts is not nearly enough to support a conclusion that Fannie Mae suffered a loss in New York.  This is a usual case in which we will apply the usual rule: Fannie Mae is located in the District of Columbia; Fannie Mae allegedly lost money to fraud; therefore, Fannie Mae allegedly lost money to fraud in the District of Columbia.

Salix alleges that "the investment activity at issue . . . took place exclusively in New York," Salix Am. Compl. ¶ 23, because two New York-based traders oversaw all activity related to the relevant transactions.  Salix Am. Compl. ¶¶ 20-24.  While these facts are more compelling than those relied on by Fannie Mae, they still do not state an "extremely rare" case of "unusual circumstances" requiring application of the Lang exception. Gorlin v. Bond Richman & Co., 706 F. Supp. 236, 240 n.8 (S.D.N.Y. 1989).  The actions taken by the Frontpoint Funds here are "indistinguishable from the conduct of hundreds of other financial services companies that operate in New York" but are headquartered elsewhere.  Deutsche Zentral Genossenschaftsbank AG, 2013 WL 6667601, at *6, 2013 U.S. Dist. LEXIS 178462, at *18 (foreign statute of limitations applies to plaintiff alleging that "decisions, operations, accounting, diligence, and purchases" occurred in New York or utilized New York bank accounts).

287

*Accordingly, the Connecticut statute of limitations applies to fraud claims assigned to Salix by the Frontpoint Funds.*

**3. Federal Extender Statutes**

When the FDIC takes over a bank or the NCUA a credit union, federal law automatically extends the statute of limitations on any cause of action held by the bank or credit union.  <u>See</u> 12 U.S.C. § 1787(b)(14) (2012) (NCUA); § 1821(d)(14) (FDIC).  In this regard, the parties disagree on four points:

- whether a three-year or six-year extension applies to plaintiffs' claims for unjust enrichment;

- whether the NCUA's extension runs from the date of its appointment as a credit union's liquidating agent, if the NCUA already managed the credit union as a conservator;

- whether the length of the extended limitations period is the fixed length provided by federal law, or the greater of the federal fixed length and the applicable state law;[155] and

- how, if at all, the doctrine of <u>American Pipe</u> applies to the extender statutes.  (We discuss this issue within our discussion of <u>American Pipe</u>.  <u>See</u> <u>infra</u> at 354~~353~~.)

---

[155] The parties did not brief this issue, but this appears to be the crux of their competing analyses on, for example, page 59 of the Joint Limitations Spreadsheet.

### 6.3.3. Lenders

Some plaintiffs assert claims related to bonds or other debt instruments.  The following class complaints toll at least some of plaintiffs' claims:

369

| Complaint | Tolling Period | Facts | Defendants |
|---|---|---|---|
| Carpenters Pension Fund of W. Va., No. 11-cv-2883, ECF No. 1 | April 27, 2011 (filing date), to April 30, 2012 (date of consolidated amended complaint filed in Baltimore). | Class period: 2006 to 2009.<br><br>Persistent suppression only.<br><br>Claims relating to purchases of LIBOR-based products from defendants during the class period. | Bank of America Corp.; Citibank N.A.; UBS AG. |
| Ravan Investments, LLC, No. 11-cv-3249, ECF No. 1 | May 13, 2011 (filing date), to April 30, 2012 (date of consolidated amended complaint in Baltimore). | Class period: 2006 to 2009.<br><br>Persistent suppression only.<br><br>Claims relating to direct purchases of LIBOR-based products from defendants, receipts of LIBOR-based payments from defendants, or trading of LIBOR-based derivatives (regardless of whether with defendants) during the class period. | Bank of America Corp.; Barclays Bank PLC; Citibank N.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; J.P. Morgan Chase & Co.; Lloyds Banking Group PLC; Royal Bank of Scotland Group PLC; UBS AG; WestLB AG. |
| Insulators & Asbestos Workers | June 3, 2011 (filing date), to April 30, 2012 (date of | Class period: 2006 to 2009. | Bank of America Corp.; Barclays Bank PLC; Citibank, NA; |

| Complaint | Tolling Period | Facts | Defendants |
|---|---|---|---|
| Local #14, ECF No. 11-cv-3781, No. 1 | consolidated amended complaint in Baltimore). | Persistent suppression only.<br><br>Claims relating to purchases and sales of LIBOR-based financial products. | Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; J.P. Morgan Chase & Co.; Lloyds Banking Group PLC; Norinchukin Bank; Royal Bank of Scotland Group PLC; UBS AG; WestLB AG. |
| Gelboim, 12-cv-1025, ECF No. 1 (original complaint) | February 9, 2012 (filing date), to April 30, 2012 (date of amended complaint). | Class period: 2006 to 2010.<br><br>Persistent suppression only.<br><br>Claims against relating to LIBOR-based bonds that (1) were issued by Fortune 500 companies, (2) were underwritten by a defendant, and (3) paid out interest during the class period. | Bank of America Corp.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Barclays Bank PLC; Citibank N.A.; Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; J.P. Morgan Chase & Co.; Lloyds Banking Group PLC; Norinchukin Bank; Royal Bank of Canada; Royal Bank of Scotland Group PLC; Société Générale S.A.; UBS AG; WestLB AG. |

Formatted: No underline

| Complaint | Tolling Period | Facts | Defendants |
|---|---|---|---|
| Gelboim, 12-cv-1025, ECF No. 12 (amended complaint) | April 30, 2012 (filing date), to March 29, 2013 (date of dismissal). | Class period: August 2007 to May 2010.<br><br>Persistent suppression only.<br><br>Claims relating to certain LIBOR-based bonds (but not bonds issued by any defendant, see ¶ 198) that paid out interest during the class period. | Bank of America Corp.; Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Barclays Bank PLC; Citibank N.A.; Citigroup Inc.; Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Bank PLC; HSBC Holdings PLC; J.P. Morgan Chase & Co.; JP Morgan Chase Bank, N.A.; Lloyds Banking Group PLC; Norinchukin Bank; Royal Bank of Canada; Royal Bank of Scotland Group PLC; ~~Société Générale S.A.;~~ UBS AG; Westdeutsche ImmobilienBank AG; WestLB AG. |
| Berkshire Bank, 12-cv-5723, ECF No. 1 (original complaint) | November 21, 2012 (filing date), to November 13, 2014 (date of amended complaint).  As to Gelboim class | Class period: August 2007 to May 2010.<br><br>Persistent suppression only. | Bank of America Corp.; Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Barclays Bank PLC; Citibank |

Fed. R. Civ. P. 6(a)(1)(C); Cal. Code Civ. P. § 12(b); Iowa Code Ann. § 4.1(34); N.Y. Gen. Constr. Law § 25-a(1).

**8.1. Amabile**

The <u>Amabile</u> plaintiffs filed suit in New York on March 13, 2013. Federal statutes of limitations govern their federal claims, while New York law governs their unjust enrichment claim.[183] The dates of plaintiffs' exchange-based claims range from 2005 to 2010.

*CEA:* The statute of limitations runs for two years, so claims accruing on or after March 13, 2011, are indisputably timely.

The following class-action tolling periods based on the <u>Metzler</u> complaints apply to the groups of claims defined in the following table:

| Group | Tolling Period | Defendants | Range of Accrual Dates |
|---|---|---|---|
| A | April 15, 2011 to April 30, 2012 (1 year 15 days) | Bank of America Corp.; Barclays Bank PLC; Citibank, N.A.; Credit | 2006 to July 2007 |
| B | April 15, 2011, onward | Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; JPMorgan Chase & Co.; Lloyds Banking Group PLC; the Norinchukin Bank; the Royal Bank of Scotland Group PLC; UBS AG; WestLB AG (now Portigon AG) | August 2007 to May 2010 |
| C | Monday, April 30, 2012, onward | <u>Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.;</u> HBOS PLC; Royal Bank | August 2007 to May 2010 |

Formatted: Font: (Default) Courier New

---

[183] Although all plaintiffs appear to be Illinois residents, defendants do not rely on New York's borrowing rule at this stage. <u>See</u> Def. Master App., Ex. L, at 3. It appears that Illinois's limitations period is longer than New York's.

| Tolling Period | Defendants |
|---|---|
| | Deutsche Bank AG; HSBC Holdings PLC; JPMorgan Chase & Co.; Lloyds Banking Group PLC; the Norinchukin Bank; the Royal Bank of Scotland Group PLC; UBS AG; Portigon AG (formerly WestLB AG) |
| Monday, April 30, 2012, onward | Group B: Bank of America, N.A.; Bank of Tokyo-Mitsubishi UFJ Ltd.; Citigroup, Inc.; Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.; HBOS PLC; HSBC Bank PLC; JPMorgan Chase Bank, N.A.; Royal Bank of Canada; Westdeutsche Immobilienbank AG |
| No tolling | Group C: Citigroup Financial Products, Inc.; British Bankers' Association; BBA Enterprises Ltd.; BBA Libor Ltd. |

BATA's complaint (¶¶ 307-11) implies that BATA was on inquiry notice by August 5, 2008.  Therefore, claims against Group A defendants are timely, claims against Group B defendants arising on or after April 28, 2009, are timely, and claims against Group C defendants are time-barred.

*Breach of contract and unjust enrichment*: The statute of limitations for breach of contract runs for four years, so claims accruing on or after March 29, 2010, are indisputably timely.  The statute of limitations for unjust enrichment runs for three years.

Class-action tolling applies to at least some claims, extending the limitations period as far back as April 15, 2007.

By May 29, 2008, BATA's injuries were no longer "difficult for the plaintiff to detect," so BATA's contract claims are time-barred to the extent that class-action tolling does not extend the limitations period back to the later of the accrual date or May 29, 2008.

Applying the above chart on class-action tolling, contract claims against Group A and Group B defendants are timely, while claims against Group C defendants are time-barred. Unjust enrichment claims against Group A defendants are timely, claims against Group B defendants arising on or after April 28, 2009, are timely, and claims against Group C defendants are time-barred.

*Tortious interference*: The statute of limitations runs for two years, so all claims are untimely in the absence of class-action tolling or a discovery rule. Class-action tolling does not apply to tortious interference claims, and BATA was on inquiry notice of its claims by August 5, 2008. Thus, all tortious interference claims are time-barred.

### 8.3. California Consolidated

The California Consolidated Plaintiffs filed suits in California between January 9, 2013, and November 13, 2013, and the parties agree that California law governs. The dates of their claims range from 2005 to March 2011.

389

*Fraud and negligent misrepresentation*: The statute of limitations runs for three years, so claims accruing on or after the following dates are indisputably timely.

| Plaintiffs | Filing Date | Earliest Date of Indisputably Timely Claims |
|---|---|---|
| Mendocino County | Nov. 13, 2013 | Nov. 13, 2010 |
| Sacramento County | July 23, 2013 | July 23, 2010 |
| Sonoma County | June 28, 2013 | June 28, 2010 |
| Regents and SANDAG | June 25, 2013 | June 25, 2010 |
| Others | Jan. 9, 2013 | Jan. 9, 2010 |

For OTC claims, essentially the same tolling applies to these plaintiffs as to BATA, above. And, like BATA, plaintiffs plead information showing that they were on inquiry notice by August 5, 2008. As a result, essentially the same OTC claims are timely for the California Consolidated Plaintiffs as for BATA.

Plaintiffs' fraud claims relating to bonds and notes were possibly tolled by the original *Gelboim* complaint (depending on whether each issuer was a Fortune 500 company and whether each bond was underwritten by a defendant), but not by the amended *Gelboim* complaint (because that complaint excluded bonds issued by a defendant) or by the *Berkshire Bank* or *Directors Financial* complaints (because none of the California Consolidated Plaintiffs are financial institutions).[185]   Therefore, plaintiffs' bond-

---

[185] Such tolling does not apply to defendants not named in the original Gelboim complaint.

Class-action tolling makes the OTC claims and the following bond claims against defendants named in the original Gelboim complaint timely:

| Plaintiff | Accrual Dates of Timely Claims |
|---|---|
| Mendocino County | On or after Aug. 24, 2009 |
| Sonoma County | On or after Apr. 8, 2009 |
| Regents | On or after Apr. 5, 2009 |
| Others | On or after Oct. 20, 2008 |

By May 29, 2008, plaintiffs' Period One and Two injuries were no longer "difficult for the plaintiff to detect," so no discovery rule saves plaintiffs' unjust enrichment claims after these dates.

*Tortious interference*: The statute of limitations runs for two years, so claims accruing on or after the following dates are indisputably timely.

| Plaintiffs | Filing Date | Earliest Dates of Indisputably Timely Claims |
|---|---|---|
| Mendocino County | Nov. 13, 2013 | Nov. 13, 2011 |
| Sacramento County | July 23, 2013 | July 23, 2011 |
| Sonoma County | June 28, 2013 | June 28, 2011 |
| Regents and SANDAG | June 25, 2013 | June 25, 2011 |
| Others | Jan. 9, 2013 | Jan. 9, 2011 |

Class-action tolling does not apply to tortious interference claims, and plaintiffs were on inquiry notice of Period One and Two claims by August 2008, so all of plaintiffs' tortious interference claims accruing between August 2007 and the above dates are time-barred.

392

**8.4. CEMA**

CEMA filed suit on March 21, 2013.

*Tortious interference:* The statute of limitations runs for four years, so claims accruing on or after March 21, 2009 are indisputably timely.  Class-action tolling does not apply to tortious interference claims, so claims accruing before that date are time-barred.

*Unjust enrichment:* The statute of limitations runs for six years, so claims accruing on or after March 21, 2007 are indisputably timely.  Class-action tolling preserves all such claims against Royal Bank of Scotland Group PLC.  Claims against Citizens Bank, N.A. accruing before March 21, 2007 are time-barred. Defendants' Notice of Motion did not seek to dismiss any claims on timeliness grounds, so we will not do so.  See Def. Master App.; see also Joint Limitations Spreadsheet (omitting arguments for or against timeliness of CEMA claims).

In any event, many of CEMA's claims, at least against the Royal Bank of Scotland Group PLC, would probably survive, because Ohio recognizes cross-jurisdictional class-action tolling.

393

claims accruing on or after November 21, 2010, are indisputably timely.

At this stage, Pennsylvania's discovery rule makes all claims timely under Pennsylvania law, so New York is the limiting factor. No discovery rule applies to unjust enrichment in New York, so claims arising before November 21, 2010, are time-barred unless preserved by class-action tolling.

The New York statute of limitations was tolled by the OTC class actions, making the following claims time-barred:

| Defendants | Tolling Period | Time-Barred Claims |
|---|---|---|
| Barclays Bank PLC; Deutsche Bank AG; JPMorgan Chase & Co; JPMorgan Chase Bank, N.A.;[188] the Royal Bank of Scotland PLC; UBS AG | Apr. 15, 2011, onward | Arising before Apr. 15, 2008 |
| ~~JPMorgan Chase Bank, N.A.~~ | ~~Apr. 30, 2012, onward~~ | ~~Arising before Apr. 28, 2009~~ |
| J.P. Morgan Bank Dublin PLC; ~~the Royal Bank of Scotland PLC;~~ UBS Ltd. | No tolling | Arising before Nov. 21, 2010 |

_Contract_: As with unjust enrichment, Pennsylvania's discovery rule makes New York's six-year period the limiting factor at this

---

[188] Darby alleges that JPMorgan Chase Bank, N.A. and Royal Bank of Scotland PLC are panel banks.  If these allegations are correct, then it was a mistake for J.P. Morgan Chase & Co. and Royal Bank of Scotland Group PLC to be named as a panel-bank defendants in Metzler and other class actions.  JPMorgan Chase Bank, N.A. and Royal Bank of Scotland PLC plausibly had notice of the class actions and notice of the mistake, so (at least for purposes of this motion) class-action tolling applies to claims against JPMorgan Chase Bank, N.A. and Royal Bank of Scotland PLC as though it had been named in each of the relevant class actions.

395

point.   Applying  the  same  class-action  tolling  as  above,  the
following claims are time-barred:

| Defendants | Tolling Period | Time-Barred Claims |
|---|---|---|
| Barclays Bank PLC; Deutsche Bank AG; JPMorgan Chase & Co; JPMorgan Chase Bank, N.A.; the Royal Bank of Scotland PLC; UBS AG | Apr. 15, 2011, onward | Arising before Apr. 15, 2005 |
| JPMorgan Chase Bank, N.A. | Apr. 30, 2012, onward | Arising before Apr. 28, 2006 |
| J.P. Morgan Bank Dublin PLC; the Royal Bank of Scotland PLC; UBS Ltd. | No tolling | Arising before Nov. 21, 2007 |

*Fraud:* The New York statute of limitations runs for the longer
of six years from injury or two years from discovery (imputed for
Period  One  and  Two  claims  as  of  April  15,  2011),  while  the
Pennsylvania  statute  runs  for  two  years  from  discovery  (imputed
for Period One and Two claims as of April 15, 2012).

Applying  the  same  class-action  tolling  as  above,  the
following claims are time-barred:

| Defendants | Tolling Period | Time-Barred Claims |
|---|---|---|
| Barclays Bank PLC; Deutsche Bank AG; JPMorgan Chase & Co; JPMorgan Chase Bank, N.A.; the Royal Bank of Scotland PLC; UBS AG | Apr. 15, 2011, onward | None |
| JPMorgan Chase Bank, N.A. | Apr. 30, 2012, onward | None |
| J.P. Morgan Bank Dublin PLC; the Royal Bank of Scotland PLC; UBS Ltd. | No tolling | Arising before Nov. 21, 2007 |

*Tortious interference:* The New York statute of limitations
runs  for  three  years  from  injury,  while  the  Pennsylvania  statute

396

in the amended Gelboim complaint), to March 29, 2013.  We divide

defendants as follows:

| | Original Principal Defendants (filed 8/1/2013) | New Principal Defendants (filed 10/6/2014) |
|---|---|---|
| **Original Gelboim Defendants** (tolled for as long as 1 year and 48 days) | **Group A:** Bank of America Corp.; Bank of Tokyo-Mitsubishi UFJ, Ltd.; Barclays Bank PLC; Citibank, N.A.; Coöperatieve Centrale Raiffeisen Boerenleenbank B.A.; Credit Suisse Group AG; Deutsche Bank AG; HSBC Holdings PLC; JPMorgan Chase & Co.; Lloyds Banking Group PLC; the Norinchukin Bank; Royal Bank of Canada; the Royal Bank of Scotland Group PLC; Société Générale, S.A., UBS AG | |
| **Amended Gelboim Defendants** (tolled for as long as 333 days) | **Group B:** Bank of America, N.A.; Citigroup, Inc.; HSBC Bank PLC; JPMorgan Chase Bank, N.A.; Westdeutsche ImmobilienBank AG. | |
| Defendants Not Named in Gelboim (no tolling) | **Group C:** British Bankers' Association; BBA Enterprises, Ltd.; BBA Libor, Ltd.; HBOS PLC. | **Group D:** Barclays Capital, Inc.; Chase Bank USA, N.A.; Citigroup Global Markets, Inc.; Credit Suisse AG; Credit Suisse International; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; |

Thus, it follows that all of the following bond-related claims are time-barred despite class-action tolling: Claims against Fortune 500 Group A defendants arising before May 12, 2010; claims against other defendants in Groups A, B, and C arising before August 1, 2010; and claims against Group D defendants arising before October 4, 2011.

**8.14. Prudential**

Prudential filed suit in New Jersey on May 19, 2014, and the parties agree that New Jersey law governs.   The dates of Prudential's claims range from at least August 2007 to at least the end of 2010.

*Contract and unjust enrichment:* The statute of limitations runs for six years, so claims accruing on or after May 19, 2008, are indisputably timely.

Class-action tolling preserves claims arising on or after April 15, 2005 (against defendants named in the original Metzler complaint), or on or after April 28, 2006 (against defendants first named in the first amended Baltimore complaint). Prudential's bond-based contract and unjust enrichment claims for bonds purchased from defendants were tolled for 369 days against defendants named in the Carpenters Pension Fund complaint and for 353 days against defendants named in the Ravan Investments complaint.

| Complaint | Defendants | Earliest Date of Timely Claims |
|---|---|---|
| Carpenters Pension Fund | Bank of America Corp.; Bank of America N.A.;[204] Citigroup Inc.; UBS AG | May 16, 2007 |
| Ravan Investments | Barclays Bank PLC; Deutsche Bank AG; HSBC Bank PLC; J.P. Morgan Chase & Co.; Royal Bank of Scotland PLC | June 1, 2007 |

Formatted: Indent: First line: 0"

For bonds purchased from other parties, these claims were tolled for 332 days against defendants named in the Insulators & Asbestos Workers complaint.  Therefore, these claims accruing on or after June 22, 2007 against the following defendants are timely: Bank of America Corp.; Bank of America N.A.; Barclays Bank PLC; Citigroup Inc.; Deutsche Bank AG; HSBC Bank PLC; J.P. Morgan Chase & Co.; Royal Bank of Scotland PLC; UBS AG.  If the Royal Bank of Canada is in the Fortune 500, then Gelboim tolled such claims against it for 81 days.  As a result, such claims accruing before February 28, 2008 are time-barred.

Claims against other defendants accruing before May 19, 2008, are time barred.

---

[204] Prudential alleges that Bank of America N.A., Citigroup Inc., HSBC Bank PLC, and Royal Bank of Scotland PLC were panel banks.  If it was a mistake to name Bank of America Corp. and Citibank, N.A. in Carpenters Pension Fund and to name HSBC Holdings PLC and Royal Bank of Scotland Group PLC in Ravan Investments and Insulators & Asbestos Workers, then class-action tolling applies to claims against Bank of America N.A., Citigroup Inc., HSBC Bank PLC, and Royal Bank of Scotland PLC as if each had been named in the relevant class actions.

*Fraud, negligent misrepresentation, and tortious interference:* The statute of limitations runs for six years, so claims accruing on or after May 19, 2008, are indisputably timely. The same class-action tolling as applies to Prudential's contract and unjust enrichment claims also applies to Prudential's fraud claims.

Moreover, we cannot discern from the pleadings that Prudential was aware of news articles regarding LIBOR before May 19, 2008, and so Prudential's claims are timely.

**8.15. Salix**

Salix filed suit in New York on Monday, May 20, 2013. Credit Suisse AG was added as a defendant on October 6, 2014, but this amendment (which plausibly corrects a mistake as to the identity of a panel bank) relates back. The dates of Salix's claims range from at least August 2007 to at least the end of 2010.

**8.15.1. Claims Assigned by FrontPoint Funds**

~~We need not determine from the pleadings whether the borrowing rule applies to claims assigned by the FrontPoint Funds, because Connecticut law is not more restrictive than New York law in any relevant way.~~

*Unjust enrichment and fraud:* New York statute of limitations on unjust enrichment and Connecticut statute of limitations on fraud runs for three years, so claims accruing on or after May 18, 2010, are indisputably timely.

425

Class-action tolling (under both New York and Connecticut law) preserves claims against the following defendants:

| Date | Defendants |
|------|-----------|
| April 15, 2011 | **Group A:**<br>Bank of America Corp.; Bank of America, N.A.; Barclays Bank PLC; Citibank, N.A.; Citigroup Inc.; Credit Suisse AG[205]; Credit Suisse Group AG; Deutsche Bank AG; JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; UBS AG |
| ~~April 30, 2012~~ | ~~**Group B:**~~<br>~~Bank of America, N.A.; Citigroup Inc.;~~ ~~JPMorgan Chase Bank, N.A.~~ |
| No tolling | **Group BC:**<br>Banc of America Securities LLC (now Merrill Lynch, Pierce, Fenner & Smith Inc.); Barclays Capital Inc.; Citigroup Global Markets Inc.; Citigroup Global Markets Ltd.; Credit Suisse International; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; J.P. Morgan Securities LLC |

Thus, the following unjust enrichment and fraud claims are time-barred: Claims against Group A defendants arising before April 15, 2008~~, claims against Group B defendants arising before April 28, 2009;~~ and claims against Group BC defendants arising before May 18, 2010.

*Contract ~~and fraud~~:* The only defendant to move against these claims is Credit Suisse AG, on the grounds that Credit Suisse AG

---

[205] If, as Salix asserts, Credit Suisse AG was a panel bank rather than Credit Suisse Group AG, then it was a mistake for Credit Suisse Group AG to be named as a panel-bank defendant in Metzler and other class actions. Credit Suisse AG plausibly had notice of the class actions and notice of the mistake, so (at least for purposes of this motion) class-action tolling applies to claims against Credit Suisse AG as though Credit Suisse AG had been named in each of the relevant class actions. This analysis applies equally to Bank of America, N.A., Citigroup Inc., and JPMorgan Chase Bank, N.A.

## XV. CONCLUSION

The foregoing opinion resolves the motions to dismiss the Individual Plaintiffs' complaints (listed in Appendix). Because no complaint is dismissed in its entirety, we do not anticipate entering partial judgment or certifying interlocutory appeal on any aspect of this opinion. The Individual Plaintiffs and defendants are directed to supply the charts described supra at 91 and 105.

The Clerk shall terminate the following defendants, against whom all claims appear to be dismissed on the merits or on statute of limitations grounds. We will direct the Clerk to terminate other defendants on jurisdictional grounds after we receive the parties' submissions regarding personal jurisdiction.

| Individual Case | Defendants |
|---|---|
| BATA<br>14-cv-3094 | British Bankers' Association; BBA Enterprises Ltd.; BBA Libor Ltd.; Citigroup Financial Products, Inc. |
| NCUA<br>13-cv-7394 | Credit Suisse Group International; Société Générale S.A. |
| Principal Fin. Grp.<br>13-cv-6014 | Citigroup Global Markets, Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Securities, LLC; Merrill Lynch, Pierce, Fenner & Smith, Inc.; UBS Securities, Inc. |
| Principal Funds<br>13-cv-6013 | Citigroup Global Markets, Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Securities, LLC; Merrill Lynch, Pierce, Fenner & Smith, |

432

| Individual Case | Defendants |
|---|---|
| | Inc.; RBS Securities, Inc.; UBS Securities LLC |
| <u>Prudential</u><br>14-cv-4189 | Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; ~~Credit Suisse (USA) Inc.;~~ HSBC Securities (USA) Inc.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; RBC Capital Markets, LLC; RBS Securities Inc.; UBS Securities LLC |
| <u>Salix</u><br>13-cv-4018 | Citigroup Global Markets, Inc. Credit Suisse Securities (USA) LLC; Deutsche Bank Securities, Inc.; J.P. Morgan Securities LLC[207] |

---

[207] The Clerk shall also dismiss Salix Capital Ltd. as a plaintiff, as that entity has assigned its claims to Salix Capital US Inc.

433

**APPENDIX**

| CASE NAME | CASE NO. |
|---|---|
| In re Libor-Based Financial Instruments Antitrust Litigation | 11-md-2262 |
| City of Riverside et al. v. Bank of America Corp. et al. | 13-cv-0597 |
| County of San Mateo et al. v. Bank of America Corp. et al. | 13-cv-0625 |
| East Bay Municipal Utility District v. Bank of America Corp. et al. | 13-cv-0626 |
| City of Richmond et al. v. Bank of America Corp. et al. | 13-cv-0627 |
| County of San Diego v. Bank of America Corp. et al. | 13-cv-0667 |
| Amabile et al. v. Bank of America Corp. et al. | 13-cv-1700 |
| Maragos v. Bank of America Corp. et al. | 13-cv-2297 |
| Federal Home Loan Mortgage Corp. v. Bank of America Corp. et al. | 13-cv-3952 |
| Salix Capital US Inc. et al. v. Banc of America Securities LLC et al. | 13-cv-4018 |
| Regents of the University of California v. Bank of America Corp. et al. | 13-cv-5186 |
| County of Sonoma et al. v. Bank of America Corp. et al. | 13-cv-5187 |
| San Diego Association of Governments v. Bank of America Corp. et al. | 13-cv-5221 |

| | |
|---|---|
| CEMA Joint Venture v. RBS Citizens, N.A. et al. | 13-cv-5511 |
| County of Sacramento v. Bank of America Corp. et al. | 13-cv-5569 |
| City of Houston v. Bank of America Corp. et al. | 13-cv-5616 |
| Principal Funds, Inc. et al. v. Bank of America Corp. et al. | 13-cv-6013 |
| Principal Financial Group, Inc. et al. v. Bank of America Corp. et al. | 13-cv-6014 |
| City of Philadelphia v. Bank of America Corp. et al. | 13-cv-6020 |
| Charles Schwab Corp. et al. v. Bank of America Corp. et al. | 13-cv-7005 |
| National Credit Union Administration Board v. Credit Suisse Group AG et al. | 13-cv-7394 |
| Federal National Mortgage Ass'n v. Barclays Bank plc et al. | 13-cv-7720 |
| County of Mendocino v. Bank of America Corp. et al. | 13-cv-8644 |
| Darby Financial Products et al. v. Barclays Bank plc et al. | 13-cv-8799 |
| Triaxx Prime CDO 2006-1 Ltd. et al. v. Bank of America Corp. et al. | 14-cv-0146 |
| Federal Deposit Insurance Co. et al. v. Bank of America Corp. et al. | 14-cv-1757 |
| Bay Area Toll Authority v. Bank of America | 14-cv-3094 |

| Corp. et al. | |
|---|---|
| Prudential Investment Portfolios 2 et al. v. Bank of America Corp. et al. | 14-cv-4189 |